MILES (BLAGGE v.). See Case No. 1,479.

---

## Case No. 9,543a.

### MILES v. JAMES.

[Hempst. 98.] [2]

Superior Court, Territory of Arkansas. Jan., 1831.

APPEAL—JUSTICE OF PEACE—JURY DENIED—ERROR.

If a jury is required, and denied by the justice, when the sum exceeds ten dollars, it is an error for which his judgment should be set aside.

Error to Chicot circuit court.

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

CROSS, Judge. This cause is brought here upon a writ of error to the Chicot circuit court. The record shows that a suit was commenced before a justice of the peace, by the defendant in error, against [Benjamin L.] Miles, the plaintiff, for the sum of $17.95 cts. On the day of trial, Miles produced an account against [Thomas] James, of $15.37½ cts. Whereupon James asked the justice to discharge the jury, which, on the application of Miles, had been summoned without his consent, on the ground ·that the sum in controversy was not sufficient in amount to entitle the parties, or either of them, to a trial by jury. The justice went on to try the cause himself, and gave judgment against Miles for $9.52½ cts. Subsequently, and within the time prescribed by law, a writ of certiorari was sued out by Miles, and the proceedings

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel H. Hempstead, Esq.]

certified up to the circuit court, and at the November term were there confirmed. This confirmation of the proceedings of the justice, is the only error assigned. Our statutes point out the methods by which a judgment rendered before a justice of the peace may be brought up before the circuit court. One by appeal, the other by certiorari. The former it will be necessary to examine. When the certiorari is used, the statute provides, "that if the court shall set aside the proceedings of the justice for irregularity or informality appearing upon the face of them, the court shall examine into the merits of the case, and give judgment as in other cases." Geyer, Dig. § 18, p. 391. The power of the circuit court to set aside the proceedings of the justice, is made to depend upon the irregularity or informality appearing upon their face, as certified up under the command of the certiorari. If either exist, they are to be taken for naught, and an examination of the merits permitted. On the other hand, if they be regular and formal, their confirmation must follow. Was it regular in the justice to deprive Miles of the right of trial by jury? A quotation from the statute will afford a sufficient answer to the question. It declares that "if the sum demanded exceeds ten dollars, either party shall have a right, upon application therefor, to a trial by jury." Geyer, Dig. § 12, p. 387. Here the sum demanded exceeded ten dollars, application was made for trial by jury, and that mode of trial refused. This refusal of the justice, we think, was sufficiently irregular for setting aside his proceedings. It was, consequently, error in the circuit court to confirm them. Judgment reversed.